UNITED STATES of America,

v.

Virgil Dean ST. PIERRE, St. Pierre Insurance Agency, Inc., and American Marketing Insurance Corporation, Defendants.

Nos. 96–75–CR–FTM–17D, 98–305–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

Aug. 17, 1999.

Charles Alex Murray, Law Office of Charles A. Murray, Naples, FL, John Edward Fernandez, Law Office of John E. Fernandez, Tampa, FL, for Virgil Dean St. Pierre, defendants.

Robert P. Barclift, U.S. Attorney's Office, Middle District of Florida, Ft. Myers, FL, for USA, plaintiffs.

Edward Lee Wotitzky, Wotitzky, Wotitzky, Mizell & Toss, P.A., Punta Gorda, FL, for ABS & Associates, Inc.

## ORDER ON MOTION TO CONSOLIDATE and MOTION TO CORRECT CLERICAL MISTAKE

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on the United States' Motion to Consolidate, (Dkt.294), filed·on March 5, 1999, the United States' Motion to Correct Clerical Mistake, (Dkt.321), filed on July 2, 1999, and Defendant, Virgil Dean St. Pierre's, Answer to the Government's Motion to Consolidate Forfeiture Actions, (Dkt.306), filed on May 5, 1999.

### BACKGROUND

On November 12, 1997, a jury convicted the defendants of several counts of mail fraud, in violation of 18 U.S.C. § 1341, and money laundering, in violation of 18 U.S.C. § 1956(a)(1), in case number 96–CR–75–FTM–17. The jury's verdict also found that forfeiture of real property owned by the defendants was proper. The property subject to forfeiture was traceable to the defendants and was involved in the money laundering transactions for which the defendants were convicted. The legal description of the property subject to forfeiture, to which the jury's verdict refers, is:

> The SE 1/4 of the NE 1/4 of Section 26, Township 36 South, Range 23 East, less the West 400 feet; and less the SE 1/4 of the SE 1/4 of the SE 1/4 of the NE 1/4 of Section 26, Township 39 South, Range 23 East, DeSoto County, Florida.

(Dkt.321).

The United States asserts that the previously mentioned legal description contains an error. The correct property description according to the United States is:

> The SE 1/4 of the NE 1/4 of Section 26, *Township 39 South*, Range 23 East, less the West 400 feet; and less the SE 1/4 of the SE 1/4 of the NE 1/4 of Section 26, Township 39 South, Range 23 East, DeSoto County, Florida.

(Dkt.321).

On July 28, 1998, a civil complaint for forfeiture was filed by the United States. The civil complaint requests forfeiture of the correctly described property mentioned above. The United States instituted the civil forfeiture proceeding in case number 98–305–CIV–FTM–17D due to the incorrect legal description contained throughout the criminal proceedings of case number 96–75–CR–FTM–17D.

The United States requests that this Court consolidate the civil forfeiture proceeding, contained in case number 98–305–CIV–FTM–17D, with criminal case number 96–75–CR–FTM–17D to facilitate final resolution of the forfeiture issues contained in both cases. (Dkt.294). The United States also requests correction of the legal description contained within the Preliminary Order of Forfeiture in criminal case number 96–75–CR–FTM–17D. (Dkt.321).

### DISCUSSION

#### I. Consolidation

■ The United States requests consolidation of case number 96–75–CR–FTM–17D and case number 98–305–CIV–FTM–17D to facilitate the final resolution of the forfeiture issue contained in both cases. Defendant responded to the United States' request to consolidate by asserting that consolidation is not permitted. Defendant states that a criminal forfeiture hearing has already been held and that a civil forfeiture hearing should also be held. Without a civil forfeiture hearing, according to Defendant, Defendant's Eighth Amendment protection against excessive fines would be violated. ·

Federal law recognizes two basic types of forfeiture proceedings: civil and criminal. Criminal forfeiture, governed by 21 U.S.C. § 853, is an in personam action against the criminal defendant. Criminal forfeiture proceedings commence only after a criminal conviction. See 21 U.S.C. § 881. Unlike criminal forfeiture, civil forfeiture is an in rem action directly against the subject property. Conceptually, civil forfeiture is not punishment for the alleged criminal, but an action directly against the guilty property.

Federal Rule of Civil Procedure 42(a) states, in pertinent part that:

When actions involving a common question of law or fact are pending before the court, it may order ... all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Criminal forfeitures have been recognized under certain circumstances as being civil in nature by the Eleventh Circuit. See United States v. Douglas, 55 F.3d 584, 585 (11th Cir.1995). However, even if a criminal forfeiture is considered civil in nature the court may still deny a motion to consolidate. Federal Rule of Civil Procedure 42(a) specifically states that the court may consolidate to avoid unnecessary cost or delay. If the court finds that unnecessary costs or delay will result from consolidation, the court should not order the matters consolidated.

After considering the United States' Motion to Consolidate, Defendant's Answer, and applicable law, the Court finds that consolidation is not warranted. Defendant was convicted by a jury on November 12, 1997, in case number 96–75–CR–FTM–17D, and Defendant has yet to be sentenced for that conviction. Criminal case number 96–75–CR–FTM–17D has repeatedly been delayed and even the mere possibility of a further delay is not appropriate. The consolidation of criminal case number 96–75–CR–FTM–17D and civil case number 98–305–CIV–FTM–17D poses such a threat of further delay. As such, the United States' Motion for Consolidation will be denied. The Court will, however, continue to consider civil case number 98–305–CIV–FTM–17D with criminal case number 96–75–CR–FTM–17D, as stated in the Order transferring civil case number 98–305–CIV–FTM–17D to the Honorable Elizabeth A. Kovachevich.

#### II. Clerical Mistake

■ The United States also requests that the Court allow the correction of a clerical mistake made in criminal case number 96–75–CR–FTM–17D. As a result of this clerical mistake, the United States moves to amend the Preliminary Order of Forfeiture entered on December 10, 1997. (Dkt.188). The amendment of the Preliminary Order of Forfeiture would change the legal description of the property at issue from:

The SE 1/4 of the NE 1/4 of Section 26, Township 36 South, Range 23 East, less the West 400 feet; and less the SE 1/4 of the SE 1/4 of the SE 1/4 of the NE 1/4 of Section 26, Township 39 South, Range 23 East, DeSoto County, Florida.

to the correct legal description, which is:

The SE 1/4 of the NE 1/4 of Section 26, *Township 39 South*, Range 23 East, less

the West 400 feet; and less the SE 1/4 of the SE 1/4 of the SE 1/4 of the NE 1/4 of Section 26, Township 39 South, Range 23 East, DeSoto County, Florida.

(emphasis added).

The Court notes that the United States cites both Federal Rule of Criminal Procedure 36 and Federal Rule of Civil Procedure 60(a) in support of its motion, although specifically relying on Federal Rule of Civil Procedure 60(a). Federal Rule of Criminal Procedure 36 states that, "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Federal Rule of Civil Procedure 60(a) states, in pertinent part, that:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Under either Federal Rule of Criminal Procedure 36 or Federal Rule of Civil Procedure 60(a), amendment of the Preliminary Order of Forfeiture is permitted. The United States is not seeking the amendment of a final judgment; it merely seeks to amend the Preliminary Order of Forfeiture, which is not recognized as a final judgment under 21 U.S.C. § 853(n). The Court also finds that Defendant's rights will not in any manner be prejudiced by this amendment. Therefore, amendment of the Preliminary Order of Forfeiture to correct a clerical mistake is proper. Accordingly, it is

**ORDERED** that the United States' Motion for Consolidation, in case number 98–305–CIV–FTM–17D, (Dkt.32), and in case number 96–75–CR–FTM–17D, (Dkt.294), filed on March 5, 1999, be **DENIED**; and the United States' Motion to Correct Clerical Mistake in case number 96–75–CR–FTM–17D, (Dkt.321), be **GRANTED**. The legal description contained within the Preliminary Order of Forfeiture, (Dkt.188), filed on December 10, 1997, in case number 96–75–CR–FTM–17D, is changed from:

> The SE 1/4 of the NE 1/4 of Section 26, Township 36 South, Range 23 East, less the West 400 feet; and less the SE 1/4 of the SE 1/4 of the SE 1/4 of the NE 1/4 of Section 26, Township 39 South, Range 23 East, DeSoto County, Florida.

to the correct legal description, which is:

> The SE 1/4 of the NE 1/4 of Section 26, Township 39 South, Range 23 East, less the West 400 feet; and less the SE 1/4 of the SE 1/4 of the SE 1/4 of the NE 1/4 of Section 26, Township 39 South, Range 23 East, DeSoto County, Florida.

By implication the legal description is also changed in all other applicable filings contained within the record of case number 96–75–CR–FTM–17D.